# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS, | No. 2:17-CV-0660-JAM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| TIM V. VIRGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint (ECF No. 14). Plaintiff alleges that Defendants are failing to keep him safe by continually placing him in a double cell with individuals who threaten his safety, violating his Eighth Amendment rights against cruel and unusual punishment.

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

1 | The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff names 19 named Defendants and 4 Doe Defendants. Plaintiff alleges each Defendant violated his eighth amendment right to safety by continually housing him in double cell housing units. Plaintiff contends that his "case factors" make him a target for physical altercations and threats to his safety and to his life. Plaintiff alleges that each named Defendant knew, should have known, or was involved in, Plaintiff's continual housing with cellmates who posed a significant threat of harm to him. Plaintiff does not raise any allegations against Defendants D.R. Evans, R. Raetz, Porter, A. Konrad, or Does 1-4.

///

## III. ANALYSIS

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk,

even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

Plaintiff alleges that each named defendant violated his eighth amendment right to safety by continually placing him in double cell housing units with incompatible cellmates. However, because there are no factual allegations related to Defendants D.R. Evans, R. Raetz, Porter, A. Konrad, or Does 1-4, the Eighth Amendment claim cannot proceed against them. Further, Plaintiff's allegations against Tim Virga, D. Deroco, J. Tabayoyonh, T. Hinrichs, Brown, Slaighter, J. Prentice, Villasenor, Jochim, Kimzey, David Baughman, Petersen, and Claugh all fail to establish an Eight Amendment violation.  Though Plaintiff claims these Defendants failed to protect him by continually double celling him with incompatible cellmates, there is no indication that they did this intentionally.  Rather, the complaint indicates that these Defendants continually attempted to find Plaintiff a compatible cellmate, removing him from dangerous situations, placing him in a segregated unit when necessary, and placing him back in a double cell when a new cellmate was identified.  The complaint fails to allege any facts that Defendants subjectively knew and disregarded a risk to Plaintiff's safety.  Further, Plaintiff has failed to establish that either  Defendant psychiatrist, D. Sharp or R. Grosse, disregarded any risk to Plaintiff's safety.  In fact, the complaint seems to indicate both D. Sharp and R. Grosse advised Plaintiff on who to speak with and what to do if he felt his life was in danger.

For the above stated reasons, Plaintiff has failed to establish an Eighth Amendment violation.  However, because it may be possible for Plaintiff to cure these defects, he will be provided leave to amend.

### IV. AMENDING THE COMPLAINT

Because may be possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged

4

in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 14) is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

.

Dated: September 9, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE