IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS, | No. 2:17-CV-0660-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| TIM V. VIRGA, et al., | |
| Defendants. | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to compel relating to discovery propounded to Plaintiff, ECF No. 54.

      The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.  Fed. R. Civ. P. 26(b)(1).

1

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 113CV01808MJSPC, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). The party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).

**I. SUMMARY OF PENDING DISCOVERY MOTIONS**

Defendants seek an order compelling further discovery responses to the interrogatories and requests for production of documents served on Plaintiff. Defendants also seek an award of sanctions. ECF No. 54. Plaintiff opposes. See ECF No. 56.

**II. DISCUSSION**

The principal issue in dispute relates to Plaintiff's claimed inability to access his legal property so that he can respond to Defendants discovery requests. See ECF No 54, pg. 2. On March 29, 2022, Defendants served two interrogatories and two requests for production of documents relating to the issue of Plaintiff's exhaustion efforts. See ECF No. 54, pgs. 2-3. According to Defendants, after receiving deficient responses, Defendants attempted to meet and

2

confer with Plaintiff regarding his contentions that his legal documentation was missing and provided Plaintiff an extension with which to respond, and arranged for Plaintiff's eight boxes of legal property to be sent to him at his current location, California State Prison-Lancaster. See id., pgs. 32-33.  In their meet and confer letter, it was explained that Defendants were unable to ascertain which of the "dozens of grievances" related to the current lawsuit and informed Plaintiff that Defendants were entitled to discover information regarding exhaustion of his administrative remedies. Id.  At Plaintiff's deposition on July 13, 2022, Plaintiff was unable to determine from his Appeals Report which of the many grievances filed over the years pertained to the matters at issue in this action. Id., pgs. 4, 41-48.  Thereafter, Plaintiff submitted further discovery responses, again stating that the documents were missing and he was unable to respond to the requests. Id., pg. 26.  As a result of Plaintiff's continued failure to respond to the requests, Defendants seek this Court's intervention.  See id., pgs. 10-11.

**A.     Motion to Compel Discovery Responses**

Defendants argue that Plaintiff's claims pertain to multiple defendants, which concern alleged conduct spanning a time period from approximately October 30, 2012, through December 20, 2017, during which time Plaintiff filed about forty-three grievances; consequently, Defendants are unable to identify which of Plaintiff's many grievances relate to the current lawsuit in order to establish whether Plaintiff has satisfied the necessary exhaustion requirements. See ECF 54, pg. 6.  Defendants question how Plaintiff knows which documents are missing and argues that Plaintiff must know "what he is looking for in order to state that he knows it is missing"—yet, even at his deposition and after being provided a copy of the Appeals Report, Plaintiff was unable to identify which of the grievances are relevant to his claims here. Id., pg. 7.  Finally, Defendants argue that they are entitled to seek, and receive, that evidence Plaintiff has to support his claim that he exhausted his administrative remedies and that Plaintiff's argument that Defendants have access to his appeals record does not relieve Plaintiff of his discovery obligations. Id., pgs. 7-8.

For the below reasons, the Court **grants** Defendants' Motion.

///

        1.     <u>Interrogatories</u>

**Interrogatory No. 1**: Identify the log number for each CDCR Inmate/Parole Form 602 that YOU submitted regarding YOUR claims against the DEFENDANTS in the Amended Complaint (ECF No. 18). <u>Id.</u>, pg. 15.

**Interrogatory No. 2**: Describe in detail YOUR efforts to exhaust administrative remedies for YOUR claims against DEFENDANTS in the Amended Complaint (ECF no. 18.). <u>Id.</u>, pg. 16

**Plaintiff's response:**   Plaintiff hear-by objects to and refuses to answer defendants request for interrogatories. . . . Due to the fact that plaintiffs work product of legal documents pertaining to this civil case are in legal storage at this time in (Salinas Valley State Prison R&R)? The reader of this document should be able to ascertain the rationale of the problem of plaintiff being unable to respond to defendants request for interrogatories?  But if it is not to the defendants please note that CDCR is effectively interfering with plaintiff's access to court by refusing to give plaintiff his legal documents tht are, and were in legal storage when plaintiff was transferred to (CSP-L.A. County-Lancaster), on (12/23/21)!  In regard to interrogatories, if defendants were so inclined, defendants could request an (Appeals Report), which the Institution or parole region appeals coordinator could provide to the defendants upon request to assist with the answers to interrogatories? (See: DOM-SEC-54100.31)? <u>Id.</u>, pg. 26.

**Plaintiff's further response**:  Plaintiff hearby objects to the defendants request for interrogatories of set one, due to the fact that plaintiff is being interfered with his access to court by CDCR, which refused to issue legal documents tht pertained to this legal matter that was being held in legal storage at (Salinas Valley State Prison), which is now missing at this time, after being sent to me at current institution. Which plaintiff would have referred to legal documentation to answer interrogatories, which cannot be done at this time?  Whereas plaintiff maybe able to answer interrogatories after filing motion for production of documents from defendants? But at this time plaintiff cannot provide defendants with curate response's to interrogatories due to missing legal documents that are now missing out of work product that was being held in legal storage that was not sent to me for several months for some reasons, even though I 602'ed the situation and 602 was granted, but never acted on" (602-#213789), (Implementation date: 2/17/22)! Whereas on (12/23/21), I specifically requested for my legal property being held in legal storage to be sent with me because I felt something like this would happen!

The Court finds that a further response is required by Plaintiff.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and information within this scope "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the

4

fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable").

A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013). However, a responding party must "furnish the information available to the party," answer each interrogatory "separately and fully in writing under oath," and may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party. Fed. R. Civ. P. 33(b)(1)(B) and (b)(3); Bretana v. Int'l Collection Corp., No. C07-05934 JF (HRL), 2008 WL 4334710, at *4 (N.D. Cal. Sept. 22, 2008) (citation and quotation marks omitted). The responding party also has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

First, Plaintiff acknowledged during his deposition that he received the eight boxes previously held in legal storage at Salinas Valley State Prison, but argues that his legal property is missing from those boxes. See ECF No. 54, pgs. 42-43. Then, Plaintiff asserts that after Defendants have responded to the discovery requests, which he intends to propound, only then will he be able to respond to Defendants' requests. See ECF No. 56, pgs. 1-2. However, Plaintiff asserts that he has been unable to propound discovery due his inability to access the law library and because the A-facility has been in lockdown "most of the time," which "creates a barrier" for him. Id., pg. 2. Finally, Plaintiff argues that he has served Defendants verified discovery responses, which include his reasons for not being able to respond, and that "if Defendants were so inclined," they could request an Appeals Report, which would "assist with the answers to interrogatories." See id., pg. 5.

///
///
///

In short, Defendants argue that is unclear what legal property Plaintiff requires in order to respond to questions that could presumably be answered from memory or after a review of his inmate file.  See e.g., ECF No. 57, pg. 2.  Defendants also question how access to the law library or facility lockdowns prevent Plaintiff from providing factual information in response to their discovery requests, yet these purported occurrences have not prevented Plaintiff from serving inadequate objections or an opposition to this motion; because of this, such limitations should not inhibit Plaintiff from serving complete discovery responses.  See ECF No. 57, pg. 2.

The Court finds Defendants' interrogatories are relevant and proportional to the needs of the case as they legitimately seek information pertaining to Plaintiff's exhaustion of administrative remedies.  Plaintiff's explanation for his inability to respond is insufficient.  From Plaintiff's responses, it is clear that Plaintiff has not made a reasonable effort in responding either from memory or from obtaining his inmate file.  Plaintiff may be able to appropriately respond to Defendants' requests by following prison procedures to obtain the documents he needs to reference.  Singleton v. Hedgepath, 2011 WL 1806515, at *8 (E.D. Cal. May 10, 2011) (denying plaintiff's motion to compel because there was no indication plaintiff requested an Olson review, and it appeared the records were available to plaintiff for inspection and copying). In addition, Plaintiff's assertion that Defendants can get the information themselves from Plaintiff's Appeals Report is mistaken and irrelevant.  Defendants are not required to guess as to what Plaintiff relies on to substantiate his claims in this action or carry out Plaintiff's due diligence.  Defendants' motion as to interrogatory numbers 1 and 2 is granted.  Plaintiff must further respond in accord with the Federal Rules of Civil Procedure within thirty days.

    2.    Requests for Production of Documents

**Request for production no. 1:** Produce all documents identified in response to Defendant Virga's Interrogatory No. 1, Set One.  ECF No. 5, pg. 22.

**Request for production no. 2:** Produce all DOCUMENTS related to the exhaustion of administrative remedies for your claims against DEFENDANTS in your Amended Complaint (ECF No. 18). Id., pg. 22.

**Plaintiff's response:** Plaintiff hear-by objects to and refuses to answer defendants request for production of documents . . . . Due to the fact that plaintiffs work product of legal documents pertaining to this civil case are in legal storage at this time in (Salinas Valley State Prison R&R)? The reader of

this document should be able to ascertain the rationale of the problem of plaintiff being unable to respond to defendants request, which should be obvious  But if it is not to the defendants please know that the CDCR is effectively interfering with plaintiff's access to court by refusing to give plaintiff his legal documents tht are in legal storage when plaintiff was transferred to (CSP-L.A. County-Lancaster), on (12/23/21)!  In regard to production of documents, if defendants were so inclined, defendants could request an (Appeals Report), which the Institution or parole region appeals coordinator could provide to the defendants upon request? (See: DOM-SEC-54100.31)? Id., pg. 25.

**Plaintiff's further response:** Plaintiff hearby objects to the defendants request for production of documents, due to the fact that plaintiff is being denied access to legal work product after legal documentation was suppose to be sent with legal property that was being held in legal storage at (Salinas Valley State Prison), which is now missing at this time?  Whereas plaintiff may be able to provide documents after filing motion to defendants for production of documents shortly. But defendants have all viable documentation requested of plaintiff considering tht they have access to my entire medical record and all other documentation CDCR has to offer? Id., pg. 60.

The Court finds that a further response is required by Plaintiff.  Rule 34 requests may be used to inspect documents, tangible things, or land in the possession, custody, or control of another party. A party is deemed to have control over documents if he or she has a legal right to obtain them. Allen v. Woodford, No. CVF051104OWWLJO, 2007 WL 309945, at *6 (E.D. Cal. Jan. 30, 2007), modified on reconsideration, No. 1:05-CV-1104 OWW NEW, 2007 WL 9747771 (E.D. Cal. Mar. 16, 2007) (quoting In re Flag Telecom Holdings, Ltd. Sec. Litig., 236 F.R.D. 177, 181 (S.D.N.Y.2006) (rejecting defendant's argument that documents belonged to his employer and holding "employees are permitted to utilize the documents in the course of employment, as they must in order to perform their jobs, and therefore [defendant] has the practical ability to obtain them")).

A party responding to a document request is under an affirmative duty to seek information reasonably available to him from his employees, agents, or others subject to his control, not just that information within his immediate knowledge or possession. Meeks v. Parsons, No. 1:03–cv–6700–LJO–GSA, 2009 WL 3003718, *4, (E.D. Cal. Sept. 18, 2009); Courts have assumed that a party has control of documents in the possession of another and ordered the party to produce relevant documents. See Zackery v. Stockton Police Dep't, No. CIV S–05–2315 MCE DAD P, 2007 WL 1655634, *3-4, (E.D. Cal. June 7, 2007) ("directing" counsel

for defendants to obtain and produce records in possession of current employer, the Stockton Police Department).

A party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery. Perkins v. City of Modesto, No. 119CV00126LJOEPG, 2020 WL 1333109, at *9 (E.D. Cal. Mar. 23, 2020) (finding party has obligation to exercise due diligence and make a reasonable inquiry to determine whether responsive documents exist). Based on that inquiry, a party responding to a request for production is under "'an affirmative duty to seek that information reasonably available' to it and make an appropriate production of responsive documents.'" Hartline v. Nat'l Univ., No. 2:14-CV-00635-KJM-AC, 2018 WL 1014611, at *3 (E.D. Cal. Feb. 22, 2018) (quoting Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992); Kaur v. Alameida, 2007 WL 1449723, *2 (E.D. Cal. May 15, 2007) (ordering defendants to conduct additional research for responsive documents and reminding defendants of their "duty under Rule 34 to conduct a diligent search and reasonable inquiry in effort to obtain responsive documents").

If no responsive documents or tangible things exist, the responding party should so state with sufficient specificity to allow a court to determine whether the party made a reasonable inquiry and exercised due diligence. Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05–cv–01525–LJO–DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). However, a responding party "may not refuse to respond" on the ground that the requested information is in the possession of the requesting party." Bretana, 2008 WL 4334710, at *4 (citation and quotation marks omitted).

Like above, at the heart of Plaintiff's argument is that, while he received his eight boxes of legal property, the documents Plaintiff requires in order to respond to Defendants' discovery requests is still missing. See ECF No. 54, pgs. 42-43. From Plaintiff's opposition, it seems that Plaintiff intends on requesting documents from Defendants and then he "will then send them what they are requesting" which are the "rejected and cancelled 602's filled [sic] against

defendants" that are still missing. ECF No. 57, pgs. 2 & 6. Plaintiff insists that "if Defendants were so inclined," they could request an Appeals Report. See id., pg. 6. Defendants maintain that Plaintiff is free to access his inmate file through an Olson review[1] but failure to do so does not absolve him from his discovery obligations; thus, Plaintiff's argument that Defendants have access to the documents they seek is erroneous and Defendants are entitled to know all requested evidence Plaintiff has to support his exhaustion claims and which grievances apply to this action. See id. Defendants further provide that, during Plaintiff's deposition, Plaintiff himself was unable to determine which of his grievances applied here. See ECF No. 54, pgs. 7, 40-48.

The Court does not find Plaintiff's position persuasive. The documents requested are both relevant and proportional to the needs of the case as they relate to Plaintiff's exhaustion of administrative remedies. Plaintiff provides no information as to what documents are missing that would allow him to properly respond to Defendants' discovery requests. Plaintiff also fails to provide any information as to what efforts he has made to retrieve responsive documents, such as requesting the relevant grievances from the CDCR. It is not the responsibility of Defendants to sift through Plaintiff's numerous grievances and guess which ones Plaintiff is relying on to substantiate his claims in this matter. As stated above, responding that the requested documents are equally available from the requesting party's own records is generally not grounds upon which to object or refuse to produce documents. See Bretana, 2008 WL 4334710, at *5. Plaintiff is obligated to perform the due diligence required in discovery and it is not Defendants' responsibility to carry out that duty for Plaintiff. Therefore, Defendants' motion as to document requests numbers 1 and 2 is granted. Plaintiff must further respond in accord with the Federal Rules of Civil Procedure within thirty days.

///

///

///

---

[1] An Olson review refers to the right of California inmates to inspect all non-confidential records maintained in their central and medical files, as established in In re Olson, 37 Cal. App. 3d 783 (1974).

**B.     Request for Sanctions**

Federal Rule of Civil Procedure 37 pertains to the failure of parties to cooperate in discovery and sanctions. If a party seeking a motion to compel discovery responses is granted, a court <u>must</u>, after an opportunity to be heard, "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both" to pay that moving party's reasonable expenses in making the motion, including reasonable attorney's fees. See Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). If, however, the movant failed to attempt in good faith to obtain the discovery without court intervention, the opposing party was substantially justified in its response, or other circumstances existed in which an award of expenses would be unjust, a court must not order monetary sanctions. See id.

The Local Rules of the Eastern District of California, however, provide wide latitude to the Court with regard to sanctions. See Local Rule 110. Courts frequently refuse to impose monetary sanctions on indigent parties.; Thomas v. Gerber Prods, 703 F.2d 353, 357 (9th Cir. 1987) (finding abuse of discretion to impose sanction that includes a requirement that cannot be performed); see also Lucero v. Pennella, No. 1:18-cv-01448 NONE SAB, 2020 WL 4059552 at *4 (E.D. Cal. July 20, 2020) (declining to impose monetary sanctions in light of plaintiff's pro se and previously incarcerated status); Leonard v. Kaur, No. 2:19-cv-2271 DMC P, 2021 WL 242739 at *2 (E.D. Cal. Jan. 25, 2021) (declining to order sanctions or expenses given plaintiff's status as a prisoner proceeding in forma pauperis); Woolery v. Shasta Cnty. Jail, No. 221CV0166TLNDBP, 2022 WL 2452293, at *2 (E.D. Cal. July 6, 2022), report and recommendation adopted, No. 2:21-CV-00166-TLN-DB, 2022 WL 4292290 (E.D. Cal. Sept. 16, 2022) (denying motion for sanctions because plaintiff was formerly incarcerated and was proceeding in forma pauperis).

Because plaintiff is currently incarcerated and proceeding in forma pauperis, at this time, the Court denies Defendants' request for sanctions. Plaintiff is cautioned, however, that failure to comply with this order may lead to the issuance of appropriate sanctions, including the terminating sanction of dismissal. See Fed.R.Civ.P. 41(b); Local Rule 110.

///

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel discovery, ECF No. 54, is **granted in part** and **denied in part.**

2. Defendants' motion to compel further discovery responses from Plaintiff is **granted**. Plaintiff shall serve supplemental discovery responses to Defendants' interrogatories numbers 1 and 2 and Defendants' requests for documents numbers 1 and 2 consistent with the Federal Rules of Civil Procedure, and this order, within 30 days of the date of this order.

3. The Court **denies** Defendants' request for sanctions.

4. The deadline to file dispositive motions is extended to 90 days from the date of this order.

Dated: May 4, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

11