IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOODS, | No. 2:17-CV-0660-DJC-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TIM V. VIRGA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion for terminating sanctions. See ECF No. 66.

On May 5, 2023, the Court granted Defendants' motion to compel in part and directed Plaintiff to serve responses to Defendants' interrogatories and requests for production, and to produce responsive documents, within 30 days. See ECF No. 64. Defendants now seek terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) based on Plaintiff's non-compliance with the Court's May 5, 2023, order. See ECF No. 66.

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of

1

1    prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;
2    and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52,
3    53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate
4    sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,
5    833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where
6    there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
7    1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules,
8    see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see
9    Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court
10   and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439,
11   1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d
12   1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943,
13   948 (9th Cir. 1993).
14          Here, the Court finds that dismissal is an appropriate sanction.  Plaintiff's failure to
15   provide discovery responses as ordered thwarts the public's interest in expeditious resolution of
16   this case on the merits, as well as the Court's ability to manage its docket.  Plaintiff's failure to
17   provide discovery responses also prejudices Defendants' ability to prepare a defense.  Finally,
18   given Plaintiff's pro se and indigent status as an inmate, there does not appear to be any less
19   drastic sanction available.
20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

      Based on the foregoing, the undersigned recommends as that Defendants' unopposed motion for terminating sanctions, ECF No. 66, be GRANTED.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 16, 2023

                                          DENNIS M. COTA  
                                          UNITED STATES MAGISTRATE JUDGE